Senator Sherman,
after reviewing the facts proved on the trial, came to the conclusion that the act of discounting the note at the city of New-York, by the cashier of the defendants in error, was not under the circumstances a violation of their charter ; no other transaction of a similar character appearing to have taken place, and there being some evidence that the cashier’s object in making the discount was to collect a debt due the bank from Hendrickson.
Senators Lott, Porter, Putnam and Rhoades Concurred.
Senator Wright said the facts proved on the trial warranted the conclusion that the transaction in question was an ordinary discount, and there was no evidence to show that the cashier went to New-York for the purpose of collecting the debt due from Hendrickson, or that the discount Was made with any such view. He could not agree with the learned judge who. delivered the opinion of the court below¡ that the prohibition in the charter of the defendants in error, as to their place of business, did “ not apply to a single transaction.” The charter does not allow the bank to make any discount elsewhere than in the village of Ithaca, but expressly prohibits it. (Sess. Laws of 1829, p. 320, § 1.) If we say the bank shall be excused for making a discount at New-York, on the ground that it is a “ single transaction,” what is there to prevent another “ transaction” of the same kind at Hartford, and another at Philadelphia, and another at New-Orleans, <fc'c. 7 And why may not the cashier, and each of the other officers of the bank, under such a decision, engage in a 11 single transaction” of discount, with every prospect of impunity, wherever they may happen to be, out of the village of Ithaca 7 So far as any tangible evidence on the subject would be likely to exist, the probability is that hundreds of discounts might be made in this way, and no *532 man be able to prove more than a “ single transaction.” But again, if we say that one act of discount by the bank, out of the village of Ithaca, shall not be deemed a violation of its charter, how often may this be repeated, and the charter still remain inviolate? The only safe rule to adopt in reference to the exercise of corporate powers by these institutions is, to confine them within the sphere of action prescribed by the legislature; allowing no plea of expediency or convenience to excuse a departure from it. They are perpetual examples of the old adage, “give them an inch and they will take an ell.” The bank in question had no right, under any pretence, to discount a note out of the village of Ithaca, and the judgment of the supreme court should therefore be reversed.
Senators Clark, Johnson, Scott and Lester also delivered opinions in favor of reversing the judgment. And
. On the question being put “ Shall this judgment be reversed ?” the members of the court voted as follows:
For affirmance: Senators Backus, Bockee, Denniston, Jones, Lott, Platt, Porter, Putnam, Rhoades, Sherman and Works—11.
For reversal: Senators Barlow, Clark, Hard, Johnson, Lester, Mitchell, Scott, Smith, Varney and Wright —10.
Judgment affirmed.(a)

 See Suydam and others The Morris Canal and Banking Company, (6 Hill, 217.)